## Bowen v. Landrum.

(Decided May 23, 1924.)

### Appeal from Clark Circuit Court.

Judicial Sales—Contract Held Conditional Sale of Land with Right to Repurchase.—Contract under which plaintiff purchased land from master commissioner in action between defendant and others, he to keep land if defendant did not pay amount of judgment within six months, held a conditional sale with right in defendant to repurchase.

C. F. SPENCER and C. F. MOFFETT for appellant.

J. M. STEVENSON, F. H. HAGGARD and BENTON & DAVIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellee was adjudged to be the owner of one hundred acres of land claimed by the appellant under the following contract:

"This agreement, made and entered into this 28th day of August, 1916, by and between R. W. Bown, of Winchester, Clark county, Kentucky, party of the first part, and W. C. Landrum, of Clark county, Kentucky, party of the second part.

"WITNESSETH: That whereas the said first party has this day at the instance and request of the second party become the purchaser under a sale of master commissioner of Clark circuit court, J. A. Boone, in an action styled Jas. S. Wade, et al., plaintiffs, v. W. C. Landrum, et al., defendants, of a tract of land situated in Clark county, Kentucky, on the east side of the Schollsville turnpike road, and containing 100 acres and 12 square poles, and being the same land which was conveyed to W. C. Landrum by J. T. Stokely, master commissioner, at the sale of which land R. W. Bowen, first party hereto, became this day the purchaser at the price of $130.00 per acre, he being the highest and best bidder, and for which said purchase price he executed bonds due in six and twelve months with approved security, and whereas, the first party, R. W. Bowen, was compelled to pay the aforesaid price for said land against his judgment and willingness, as to the worth of said land, and in order to protect and carry out his agreement and undertaking with the second party hereto, W. C. Landrum, and to save and prevent any other party from purchasing said land.

"Now in consideration of the premises, and the further consideration that the second party hereto, W. C. Landrum, shall well and truly pay the indebtedness adjudicated in the aforesaid action in favor of the plaintiff, Jas. S. Wade, and his two wards, Jay L. Wade and Cloran R. Wade, which indebtedness amounts to about the sum of $7,918.99, with interest and cost, as per the judgment and order of sale in said action, at or before the maturity of the first purchase money bond, which is due six months from this date or on or before the date of February 28, 1917; and in further consideration that the second

party, W. C. Landrum, shall pay on or before the said date, February 28, 1917, to R. W. Bowen, first party hereto the sum of $500.00, which is evidenced by promissory note of second party, payable and delivered to the first party of this date, it being hereby agreed that upon the payment of said $500.00 note on or before its maturity, together with the payment of the full amount of the judgment, interest and cost adjudicated against the second party hereto, W. C. Landrum, in said action of Jas. S. Wade, et al., v. W. C. Landrum, et al., that the first party hereto, R. W. Bowen, will assign over to said W. C. Landrum his bid and purchase of said tract of land this day made at the sale of the master commissioner. It is further agreed and understood between the parties hereto that in the event the said Landrum fails to pay the aforesaid indebtedness, interest and cost, due under the judgments in said action in about the sum of $8,000.00, within the period of six months from this date, then it is agreed and understood that R. W. Bowen shall take nothing by reason of the note this day executed in the sum of $500.00 and that said note shall become null and void and have no force and effect. It being further agreed and understood that in such event of the failure of the second party, W. C. Landrum, to pay said judgment, interest and cost, that he, W. C. Landrum, waives his right both in law and equity to any excess purchase money due or that might be due him on the bonds of the first party executed to J. A. Boone, master commissioner, for the purchase of said land under the aforesaid sale, and second party hereby agrees that upon the payment by first party, R. W. Bowen, of the full amount of said judgment, interest and cost, in the sum of about $8,000.00, that W. C. Landrum shall satisfy in full any excess purchase money that might be due him under said bonds due the master commissioner under said sale, and R. W. Bowen is to take and be vested with the title to said land in that event upon the payment of the judgment, interest and cost outstanding against said land.

"In testimony whereof, witness the signatures of the parties hereto, this the day and year first above written.

"R. W. BOWEN.
"W. C. LANDRUM."

Appellee testified that on February 28, 1917, he was in Winchester and had all arrangements made to pay the Wade claims; that he saw Mr. J. S. Wade and Cloran R. Wade at the Winchester Bank and they told him that they had got their money from the appellant. Appellee testified that he then tried to find appellant; that he called his house three or four times and was told each time that he was down town somewhere; that he sought him all over town; that he went out to the stockyards looking for him; that he went to appellant's home looking for him, but was unable to find him; that he saw him in a few days and had a talk with him; that he told appellant he had arranged to get the money and had so arranged on February 28, 1917; that appellant asked appellee if he had not just as soon get the money from him as from the bank; and that he told appellant he had just as soon pay him the interest; that he asked appellee to pay him a bonus of $1,000.00, which appellee refused to pay; that appellee told appellant he had arranged to pay him and asked appellant to come over to the courthouse; that appellant said he had to go to the bank, but would meet appellee at the courthouse; that appellant did not come to the courthouse, but his son came and said appellant had gone home; that appellant's son told appellee that appellant had found out that appellee was going to sue him for the land and he was going home; that the appellee arranged for and tendered appellee in gold the full amount of the Wade debt, with interest, and the $500.00 bonus with interest, which appellee refused.

Appellant testified that he notified appellee before the 28th of February that there must be something done; that the date was getting close; that he was on the streets of Winchester off and on all day the 28th of February, 1917, but didn't see appellee; that he met appellee at Jones' restaurant a day or two after the 28th of February, 1917, but he denied appellee offered to pay him then, but said appellee offered him another $500.00 to give him another twelve months to redeem the land. He denies that he asked appellee for a bonus of $1,000.00 to extend the time twelve months and insists that his wife (Landrum's sister) had said: "If you will give me $1,000.00, I will do it." Appellant said that Landrum refused to do that and said: "This starts the ball rolling; I am going to sue you." Appellant admits in his testimony, that at the time of this meeting at Jones' restaurant, appellee asked appellant to meet him at the courthouse, and says that he went to the courthouse and stayed there quite a

while, but appellee didn't come. In other respects they do not contradict each other.

Appellant filed suit on the contract on March 14, 1917, to clear his title and to require appellee to release all claims on the premises. Appellee by answer and counterclaim asked that appellant be required to accept the money tendered him, and to assign to appellee his claim on the premises, and that the same be conveyed to appellee. The lower court dismissed appellant's petition, awarded appellee possession of the premises and adjudged to appellant a lien thereon for $8,800.48, which he had paid to the Wades, and referred the case to the master commissioner to ascertain the fair rental value of the premises from February 28, 1917, to December 1, 1921 (this being the time the appellant had possession of them). The court directed that appellant be charged with this rental value, less, however, the $500.00 bonus and its interest and any enhancement that may have resulted to the value of the farm by any permanent improvement made thereon by appellant during his occupancy thereof, and it is of this judgment that appellant complains.

The contract made by the parties relative to these premises was a conditional sale, as defined in Miracle v. Stone, 190 Ky. 610.

The appellee had by this contract the right to repurchase the premises and in due time he endeavored to do so, but appellant refused his offer of performance.

The appellant in his deposition given on March 29, 1918, fixed the value of this land at $150.00 or $ 160.00 per acre, maybe more. According to his figures and his contention, he would get for less than $9,000.00 property worth more than $16,000.00, which is rapacious and unconscionable.

The judgment is affirmed.